## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**ROBERT HUBBLE,** *on behalf of himself*
*and all others similarly situated,*

   *Plaintiff,*

v.

**LOANDEPOT.COM, LLC,**

   *Defendant.*

_____/

Case No. 1:24-CV-11173-TLL-PTM

## DEFENDANT LOANDEPOT.COM, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF ROBERT HUBBLE'S INTERROGATORIES, SET ONE

COMES NOW, Defendant, loanDepot.com, LLC, ("loanDepot") submits the following Responses to Plaintiff Robert Hubble's Interrogatories, Set One.

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is subject to all appropriate objections which would require the exclusion of any statement contained herein if the Request were asked or if the answer were made by a witness present and testifying in Court. All objections and grounds are reserved and may be interposed at the time of Trial.

The responding party has not yet completed its investigation of the facts relating to this action, its discovery in this action, or its preparation for Trial of this action. Consequently, these Responses are given without prejudice to the right of any responding party to produce at the time of Trial any and all subsequently discovered evidence relating to the proof of presently known material facts, and to proof of subsequently discovered material facts.

Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Request herein has been answered should not be

1

taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by such Request, or that such answer constitutes admissible evidence.

It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all discovery proceedings in this action. Therefore, when a Request calls for information which is contained in the discovery materials available to all parties, said Request will be answered only by reference to those discovery materials. The preliminary statement is incorporated herein by reference to <u>each</u> of the Responses as if stated in full.

## **GENERAL OBJECTIONS**

loanDepot answers Plaintiff's interrogatories subject to the following General Objections. These objections form a part of loanDepot's answer to each request and are set forth here to avoid their repetition. The General Objections may also be separately stated in loanDepot's answers to individual requests for emphasis and clarity. And a lack of a specific reference should not be construed as a waiver of any General Objection.

The answers set forth below are based upon loanDepot's interpretation of the language used in the requests, and loanDepot reserves its right to amend or supplement its answers if Plaintiff asserts an interpretation that differs from that of loanDepot's.

The answers and objections are based on loanDepot's present knowledge, information, and belief. loanDepot reserves the right to amend, revise, supplement, correct or clarify any answer or objection.

loanDepot objects to the requests to the extent they purport to impose requirements, obligations, and duties beyond those prescribed by the Federal Rules of Civil Procedure or Local Rules.

## INTERROGATORIES

**INTERROGATORY NO 1:** Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE:** These responses were drafted by loanDepot's counsel on behalf of loanDepot and were verified by the affiant.


**INTERROGATORY NO 2:** Identify all employees or vendors involved in making outbound calls as part of your contact to the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**RESPONSE:** Objection, interrogatory is not a single request—as the code requires—but a sprawling series of requests, each of which separately inappropriate and violate the Rules.

As an initial matter, the special definition of "you" complicates this interrogatory. As defined by Plaintiff, "you" means loanDepot and "includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Therefore, in order to respond to this interrogatory, loanDepot would be required to seek information from its directors, employees, attorneys, and other organizations to determine whether they ever obtained made outbound calls to Plaintiff and determine the dialing system platform it uses and where it obtained the phone numbers to make the calls. But their methods or processes are not relevant to this case. For example, if a former loanDepot director made calls to Plaintiff that wasn't authorized by loanDepot, such information would still fall within the scope of this interrogatory,

yet such information would have absolutely no relevance to this case.

Next, this interrogatory literally requires loanDepot to determine the identity of *any employee* involved in making *any* outbound calls as part of its contact to the Plaintiff. Yet not every such individual might be at issue in this case. This is especially true because this interrogatory is not limited to either the calls at issue or the same type of calls at issue that Plaintiff allegedly received. Moreover, the work needed to catalogue every such individual far exceeds the needs of the case.

Moreover, the calls at issue were allegedly made by loanDepot. It is not relevant *who* was involved in making outbound calls. The individuals who made outbound calls for loanDepot is not at issue in this case and is not relevant to the legal issues of this lawsuit. The primary issues in this case will be whether Plaintiff consented to receive the calls at issue and whether he revoked consent at any point. As such, this interrogatory seeks information outside the scope of discovery in this case.

More basically, there is simply no relevance to the identity of individuals that make outbound calls for loanDepot. Again, such a call was made by loanDepot. Forcing loanDepot to undertake the work of determining who might have played any role in making an outbound call to Plaintiff would require a tremendous amount of work, yet there is no need for such information in this case. As such, the interrogatory is overly broad and fails the proportionality requirements of Rule 26.

Additionally, this interrogatory is excessively burdensome as phrased. Requiring loanDepot to search for the identification of *any* employee who has *ever* been involved in making an outbound call to Plaintiff would require at least dozens of hours because various business units would have to be consulted to even find such names. The needs of this case do not justify this

search because the names of the individuals who made any call to Plaintiff do not have any conceivable relevance to the case. And the burden on loanDepot to then produce the names (if any) of unrelated third parties is excessive given the needs of the case. Further, if such names were found and provided, such information would threaten the privacy of those individuals unrelated to this case.

Next, this interrogatory seeks to identify all *vendors* involved in making outbound calls as part of any contact to Plaintiff. But the calls at issue were allegedly made by loanDepot. So it is not relevant what other vendor was involved in making outbound calls to Plaintiff because that is not what is at issue here. Indeed, other vendors who made outbound calls to Plaintiff is not at issue in this case and is not relevant to the legal issues of this lawsuit. As such, this interrogatory seeks information outside the scope of discovery in this case.

More basically, there is simply no relevance to the identity of other vendors that made outbound calls to Plaintiff. Again, such a call was made by loanDepot. Forcing loanDepot to undertake the work of determining what other vendors might have made any outbound call to Plaintiff would require a tremendous amount of work, yet there is no need for such information in this case. As such, the interrogatory is overly broad and fails the proportionality requirements of Rule 26.

Additionally, this interrogatory is excessively burdensome as phrased. Requiring loanDepot to search for the identification of *any* vendor who has *ever* been involved in making an outbound call to Plaintiff would require at least dozens of hours because various business units would have to be consulted to even find such names. The needs of this case do not justify this search because other vendors who made any call to Plaintiff does not have any conceivable

relevance to the case. And the burden on loanDepot to then produce the names (if any) of unrelated third parties is excessive given the needs of the case.

This interrogatory also seeks third parties that loanDepot contracts with who make telemarketing calls to generate leads. But this improperly assumes that loanDepot has such contracts. And again, this interrogatory would impose an undue burden on loanDepot. Assuming that loanDepot has such contracts, this interrogatory requires loanDepot to seek out all such contracts over a four-year time period. But such a task could take numerous hours and various individuals would need to be consulted to find such contracts.

Lastly, this interrogatory seeks "where the phone numbers to make the calls is obtained." However, this request is massively overbroad and imposes an extreme burden on loanDepot. In order to respond to this request, loanDepot would have to identify every phone number loanDepot Has used to make calls to Plaintiff. Then it would require loanDepot to seek out information regarding where each phone number was obtained. Such a task would take hundreds of hours and is likely an impossibly task to complete because a file-by-file review would need to be conducted of each phone number to determine its source. The needs of this case do not justify this search because only a tiny sliver of such documents would have any conceivable relevance here.

The interrogatory is also vague and ambiguous as to the terms "involved," "leads," and "dialing system platform." As these terms are not defined, it is unclear what Plaintiff means.

On the basis of these objections, loanDepot declines to respond to this interrogatory.

**INTERROGATORY NO 3:** Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE:** Objection, this interrogatory is overly broad and imposes a massive burden on

loanDepot.

So, after loanDepot spends numerous hours identifying *every* individual and vendor in response to interrogatory no. 2, this interrogatory then requires loanDepot to take it a step further and identify and describe the work of each employee or vendor. But this obviously would impose a massive undue burden on loanDepot. In order to respond to this interrogatory, loanDepot would have to catalogue its responses to interrogatory no. 2, then either interview each person or vendor or seek further information to be able to describe the work of each such individual or person. Such a task would take hundreds of hours as a file-by-file review or an interview of each person or vendor would need to be conducted to be able to describe the work that he or she does.

All of this when the needs of the case do not justify the search. Moreover, a description of the work of each employee or vendor is not relevant to any legal issues present in this case. Indeed, the primary issue in this case will be the consent of the Plaintiff and whether he revoked consent. A description of work for every employee or vendor responsive to interrogatory no. 2 is simply not relevant.

On the basis of these objections, loanDepot declines to respond to this request.


**INTERROGATORY NO 4:** Identify all sub-vendors or other third parties involved in any contact that is responsive to Interrogatory No. 2.

**RESPONSE:** Objection, this interrogatory seeks information outside the scope of discovery in this case. The calls at issue were allegedly made by loanDepot. So, the identity of any third parties or sub-vendors used by loanDepot's vendors is not at issue in this case.

In light of the above, this interrogatory is also overly broad and imposes an undue burden on loanDepot because the interrogatory literally requires loanDepot to determine the identity of all

7

third parties or sub-vendors used by its vendors over a multi-year time span. Such a task could take hundreds of hours and is likely an impossible task to complete. This is especially true since loanDepot does not know what third parties or sub-vendors its vendors use, and such information is not in loanDepot's possession. As such, this interrogatory is not limited to information in the possession of loanDepot, so it calls on loanDepot to speculate as to what information may exist in the possession of third parties and improperly purports to require it to identify records outside of its possession or control. And the work needed to catalog every such third party or sub-vendor far exceeds the needs of this case. As such, the interrogatory is overly broad and fails the proportionality requirements of Rule 26.

This interrogatory is also vague and ambiguous as to the terms "sub-vendors" and "vendors."

On the basis of these objections, loanDepot declines to respond to this interrogatory.

**INTERROGATORY NO 5:** Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE:** Objection, this interrogatory seeks information outside the scope of discovery in this case. The calls at issue were allegedly made by loanDepot. But the interrogatory is not limited to communications between loanDepot and Plaintiff. Instead, the interrogatory literally requires loanDepot to determine the identity of *any* vendor that spoke with Plaintiff over a multi-year time span. Moreover, the work needed to catalog every such individual/entity far exceeds the needs of this case, given that the existence of such communications can be proven by business records and testimony from such witnesses. As such, the interrogatory is overly broad and fails the proportionality requirements of Rule 26.

Notwithstanding the foregoing objections, loanDepot responds that according to its call log with Plaintiff, Plaintiff spoke to Joseph Mascolo on June 28, 2021.

**INTERROGATORY NO 6:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE:** Objection, this interrogatory is vague and overly broad as to the term "you." As specially defined by Plaintiff, "you" includes loanDepot and "without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Therefore, in order to respond to this interrogatory, loanDepot would need to determine whether any of its officers, directors, employees, or agents obtained Plaintiff's consent to receive calls and obtain such information surrounding the consent. However, rather obviously, such consent obtained from entities other than loanDepot would not be relevant to this case.

For this reason, this interrogatory also imposes an undue burden on loanDepot as loanDepot would have to interview numerous entities, including its affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives to determine whether any of those entities or individuals contend that Plaintiff provided consent to obtain calls. Such an effort could take hundreds of hours.

Without waiving the above objections, loanDepot responds that on March 27, 2024, Plaintiff visited the website                            , input the following information:                            , 513 Arthur Rd, Lake George, MI 48633, and accepted the following disclosure:

BY CHECKING THE BOX ABOVE I EXPRESSLY CONSENT TO RECEIVE MARKETING AND INFORMATIONAL PHONE CALLS AND TEXT MESSAGES FROM SUPER-SAMPLES, UNIFIED MARKETING PARTNERS LLC, AND OUR MARKETING PARTNERS ON THE LAND LINE AND/OR MOBILE NUMBER I PROVIDED. I CONFIRM THAT THE PHONE NUMBER SET FORTH ABOVE IS ACCURATE AND I AM THE REGULAR USER OF THE PHONE. I UNDERSTAND THESE CALLS MAY BE GENERATED USING AN AUTODIALER AND MAY CONTAIN PRE-RECORDED AND ARTIFICIAL VOICE MESSAGES AND I DO NOT NEED TO CHECK THE BOX TO PARTICIPATE IN THE DEALS PROMOTED, OFFERS OR TO CLAIM A REWARD. FOR SMS MESSAGE CAMPAIGNS: TEXT STOP TO STOP AND HELP FOR HELP. MSG & DATA RATES MAY APPLY. PERIODIC MESSAGES; MAX. 30 / MONTH.

**INTERROGATORY NO 7:** If you contend that any putative class member provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained and the language present on the website it was contained on.

**RESPONSE:** Objection, this interrogatory is extremely overbroad and imposes a massive undue burden on loanDepot.

As an initial matter, this interrogatory is overly broad as to the term "you." As specially defined by Plaintiff, "you" includes loanDepot and "without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Therefore, in order to respond to this interrogatory, loanDepot would need to determine whether any of them made solicitation telephone calls—with or without loanDepot's knowledge—and if so, what consent was obtained to do so. This process—which is entirely unnecessary given the needs of the litigation and is mandated solely due to the thoughtless use of special definitions—would take thousands of hours. Obviously, the burden associated with such an effort is disproportionate to the needs of this case.

Even adopting a more limited definition of "You" that is focused solely on loanDepot, the interrogatory still requires an inordinate amount of work to identify each and every call that might potentially fall within the scope of this interrogatory—regardless of when the calls were sent, by which business line, and based on which consents. Yet the only possible calls at issue in this case are those made by the division of loanDepot that makes outbound calls for telemarketing purposes—which are the types of calls that were made to Plaintiff. In every other respect, therefore, the Demand is plainly overly broad and the burden imposed on loanDepot in responding is undue.

Additionally, there is no conceivable relevance to the demanded information. As the demand is not limited to calls made to class members, none of the data sought is relevant to the case with respect to information on calls to non-class members. So, Plaintiff demands a huge amount of sensitive data for people who are not—and never will be—parties to this suit. In so doing, he needlessly risks the privacy of thousands of individuals while, ironically, claiming a violation of his own privacy

To the extent Plaintiff seeks the "means" by which consent was obtained, the term "means" is vague and ambiguous. As this is not a defined term, it is unclear what Plaintiff is seeking.

Next, Plaintiff seeks the "language present on the website" consent was obtained from. This interrogatory requires loanDepot to produce records that are not in its possession or control as such records might be in the possession or control of unrelated third parties.

Moreover, because this litigation has not yet been certified for class treatment, Plaintiff's interrogatory is objectionable because it seeks class-based discovery that is not relevant at this stage of the litigation. Rather, the interrogatory appears to be intended only to burden and harass loanDepot as an attempted end-run-around of the certification process. The task of identifying

putative class members is not necessary pre-class certification, yet the burden of complying with Plaintiff's interrogatory would force upon loanDepot the arduous task of complying with class-based discovery obligations before the Court has even certified a class (which loanDepot maintains should not occur).

While Plaintiff seeks to represent two different classes as defined in the Complaint, only a tiny sliver of those class members would have valid claims. This is true because loanDepot only makes calls to consumers for marketing purposes with express consent as a matter of policy. So, identifying every individual who may have received a call would not permit Plaintiff to certify the case or represent those class members who consented to receive calls.

Further it is black letter law that a Plaintiff does not need to identify class members in order to certify a class. Hence any effort to determine the identity of class members pre-certification is a fool's errand. Moreover, since there is an extremely high chance that the Plaintiff's present classes will not be certified—they are, after all, uncertifiable facially—the personal identifying information Plaintiff seeks will belong—to a vast degree—to individuals who were never members of the certified class because they consented to receive the messages at issue. So, Plaintiff's counsel impermissibly seeks to invade the privacy of individuals who have no valid TCPA claims and who will never be parties to this suit by serving a thoughtlessly overbroad demand. Hence the demand is inconsistent with the mandates of Rule 26's proportionality requirements as it imposes a burden that far exceeds the needs of this case.

The attendant cost of reviewing the records Plaintiff currently demands, and the cost of preparing the compilation that inevitably stems from that review, is enormous.

Accordingly, the costs associated with complying with Plaintiff's staggeringly overbroad interrogatory are absolutely not proportional to needs of this case at this stage since identifying

class members is not necessary pre-certification and the class definition will be challenged by loanDepot, therefore, submits that the proper course is for the Court to rule on certification before loanDepot is forced to undertake the overbroad and burdensome data review demanded by Plaintiff – a review which may or may not be necessary given the uncertain status of the class and claims for which Plaintiff seeks to represent and assert.

On the basis of these objections, loanDepot declines to respond to this interrogatory.

**INTERROGATORY NO 8:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE:** loanDepot responds that it did not make such a contention.

**INTERROGATORY NO 9:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**RESPONSE:** Objection, this interrogatory is overly broad and imposes an undue burden on loanDepot.

This interrogatory is overly broad because it seeks "all communications" with *any* third party through any medium whatsoever. And although the communications Plaintiff seeks are communications "regarding this lawsuit," this topic is still wildly overly broad and not all communications regarding this lawsuit are relevant.

This interrogatory would also impose an undue burden on loanDepot. In order to respond to this request, loanDepot would have to search each one of its employees for *any* internal and external communications with *any* third party, other than its counsel, regarding this lawsuit. Such

a search could take hundreds of hours when again, not all communications would be relevant. Only communications regarding the calls at issue or even the Plaintiff may be relevant to this case.

On the basis of these objections, loanDepot declines to respond to this request.

**INTERROGATORY NO 10:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE:** Objection, this interrogatory is not a single request—as the code requires—but a sprawling series of requests each of which separately violate the rules.

This interrogatory also assumes facts that loanDepot's vendors contacted Plaintiff. Plaintiff alleges he received calls from loanDepot. Therefore, the only entity at issue here is loanDepot.

Moreover, this interrogatory seeks information outside the scope of discovery in this case because the systems, platforms, and/or equipment used by loanDepot, or any vendor are not relevant to this case. This is not an ATDS case. So, the "system" and "platform" used in connection with the calls at issue is not at issue in this case. This case will deal with issues regarding consent and whether Plaintiff consented and revoked consent to the calls at issue.

Moreover, loanDepot objects to the extent this interrogatory seeks information that is confidential and proprietary business information.

To the extent Plaintiff seeks information regarding any vendor's systems used to contact Plaintiff, loanDepot objects as the request seeks information not in its control or possession and calls upon it to speculate related to the system that the third-party placing the call to Plaintiff might have used.

This interrogatory is overly broad as to the term "you." As specially defined by Plaintiff,

"you" includes loanDepot and "without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives." Therefore, in order to respond to this interrogatory, loanDepot would need to determine whether any of its officers, directors, employees, or agents contacted Plaintiff and obtain information surrounding the systems and platforms used to contact Plaintiff. However, rather obviously, such systems used by other entities would not be relevant to this case.

This interrogatory is vague and ambiguous as to the terms "system," "platform," and "equipment." These terms are not defined terms by Plaintiff, therefore loanDepot cannot conceive of its meaning.

Notwithstanding the foregoing objections, loanDepot responds it used Genesys Cloud (formerly PureCloud, formerly PureConnect) to contact Plaintiff.

**INTERROGATORY NO 11:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE:** Objection, this interrogatory is not a single request—as the code requires—but a sprawling series of requests, each of which separately inappropriate and violate the Rules.

First, this interrogatory seeks the names of any person (whether employed by loanDepot or not), who may have been disciplined for allowing or making allegedly unlawful or unauthorized outbound calls. This request is vague because it is unclear what "discipline" means

in Plaintiff's mind. Moreover, this request is excessively burdensome as phrased. Requiring loanDepot to search for the identification of any individual to ever have been disciplined would require at least dozens of hours—not because there are numerous individuals—but because every business unit would have to be consulted to even find such names. The needs of this case do not justify this search because the names of the individuals who may or may not have been disciplined does not have any conceivable relevance to the case. And the burden on loanDepot to then produce the names (if any) of unrelated third parties, is excessive given the needs of the case. Further, if such names were found and provided, such information would threaten the privacy of those individuals unrelated to this case.

Moreover, this interrogatory is vague because it is unclear what "allowing" or "making" means in Plaintiff's mind and loanDepot cannot conceive of its meaning without speculation.

Second, this interrogatory seeks the names of any person (whether employed by loanDepot or not), whom have been reprimanded for allowing or making allegedly unlawful or unauthorized outbound calls to occur. This request is vague because it is unclear what "reprimand" means in Plaintiff's mind. To the extent it means the same thing as "discipline," this request is duplicative. To the extent it means something other than "discipline," loanDepot cannot conceive of its meaning.

Moreover, this interrogatory is excessively burdensome as phrased. Requiring loanDepot to search for the identification of any individual to ever have been reprimanded would require at least dozens of hours—not because there are numerous individuals—but because every business unit would have to be consulted to even find such names. The needs of this case do not justify this search because the names of the individuals who may or may not have been reprimanded does not have any conceivable relevance to the case. And the burden on loanDepot to then

produce the names (if any) of unrelated third parties, is excessive given the needs of the case. Further, if such names were found and provided, such information would threaten the privacy of those individuals unrelated to this case.

Next, the interrogatory goes even further and states to then "describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person." Again, this request is excessively burdensome as phrased. Even if such names were found—and there might not be any—to then describe the reasons and action taken against the person would require at least dozens of hours because such information may not be readily available. Moreover, this interrogatory improperly assumes that any such action was taken against a person. Additionally, to describe the reasons and actions (if any) taken against a person, would also threaten the privacy of individuals unrelated to this case.

Additionally, such a response would violate the privacy rights and confidentiality of loanDepot's employee file.

On the basis of these objections, loanDepot declines to respond to this interrogatory.

Dated: August 21, 2024

TROUTMAN AMIN, LLP

By: */s/Brittany A. Andres*_____
Eric J. Troutman
Brittany A. Andres

*Attorneys for Defendant loanDepot.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I electronically sent the foregoing to counsel of record for the Plaintiff.

*/s/ Brittany A. Andres*
Brittany A. Andres

## VERIFICATION UNDER 28 U.S.C.S. § 1746

My name is Rod Halperin. I am a Vice President of loanDepot.com, LLC that is the Defendant in the above-styled lawsuit. I have provided the answers and reviewed the objections to the foregoing interrogatory.

I declare under penalty of perjury that the foregoing answers are true and correct to the best of my knowledge, except insofar as objections and statements from counsel as noted.

Executed on: Aug 21, 2024

*Rod Halperin*
_____

**Signature**

19

Final Audit Report                                    2024-08-21

| Created: | 2024-08-21 |
|---|---|
| By: | Randi Enison (renison@loandepot.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA1zaiTXF-cEOdkN3FJCFPFOv6YYtI5B7O |

# "LD R to ROGG1 (8.21.2024)" History

Document created by Randi Enison (renison@loandepot.com)
2024-08-21 - 8:43:41 PM GMT- IP address: 136.226.122.185

Document emailed to Rod Halperin (RHalperin@loandepot.com) for signature
2024-08-21 - 8:45:10 PM GMT

Email viewed by Rod Halperin (RHalperin@loandepot.com)
2024-08-21 - 8:45:55 PM GMT- IP address: 104.47.57.126

Document e-signed by Rod Halperin (RHalperin@loandepot.com)
Signature Date: 2024-08-21 - 8:46:29 PM GMT - Time Source: server- IP address: 136.226.66.244

Agreement completed.
2024-08-21 - 8:46:29 PM GMT

**Adobe Acrobat Sign**