**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**ROBERT HUBBLE,** *on behalf of himself*      Case No. 1:24-CV-11173-TLL-PTM
*and all others similarly situated,*

     *Plaintiff,*

v.

**LOANDEPOT.COM, LLC,**

     *Defendant.*

_____/

**DEFENDANT LOANDEPOT.COM, LLC'S RESPONSES TO PLAINTIFF ROBERT
HUBBLE'S REQEUST FOR PRODUCTION OF DOCUMENTS, SET ONE**

COMES NOW, Defendant, loanDepot.com, LLC, ("loanDepot") submits the following

Responses to Plaintiff Robert Hubble's Production of Documents Requests, Set One:

**PRELIMINARY STATEMENT**

These Responses are made solely for the purpose of this action. Each Response is subject

to all appropriate objections which would require the exclusion of any statement contained herein

if the Request were asked or if the answer were made by a witness present and testifying in Court.

All objections and grounds are reserved and may be interposed at the time of Trial.

The responding party has not yet completed its investigation of the facts relating to this

action, its discovery in this action, or its preparation for Trial of this action. Consequently, these

Responses are given without prejudice to the right of any responding party to produce at the time

of Trial any and all subsequently discovered evidence relating to the proof of presently known

material facts, and to proof of subsequently discovered material facts.

Except for explicit facts admitted herein, no admissions of any nature whatsoever are

implied or should be inferred. The fact that any Request herein has been answered should not be

taken as an admission or acceptance of the existence of any fact or facts set forth or assumed by

1

such Request, or that such answer constitutes admissible evidence.

It is assumed by the responding party that the propounding party and all parties to this lawsuit possess and are familiar with all discovery proceedings in this action. Therefore, when a Request calls for information which is contained in the discovery materials available to all parties, said Request will be answered only by reference to those discovery materials. The preliminary statement is incorporated herein by reference to each of the Responses as if stated in full.

## GENERAL OBJECTIONS

loanDepot answers Plaintiff's request for production of documents subject to the following General Objections. These objections form a part of loanDepot's answer to each request and are set forth here to avoid their repetition. The General Objections may also be separately stated in loanDepot's answers to individual requests for emphasis and clarity. And a lack of a specific reference should not be construed as a waiver of any General Objection.

The answers set forth below are based upon loanDepot's interpretation of the language used in the requests, and loanDepot reserves its right to amend or supplement its answers if Plaintiff asserts an interpretation that differs from that of loanDepot's.

The answers and objections are based on loanDepot's present knowledge, information, and belief. loanDepot reserves the right to amend, revise, supplement, correct or clarify any answer or objection.

loanDepot objects to the requests to the extent they purport to impose requirements, obligations, and duties beyond those prescribed by the Federal Rules of Civil Procedure or Local Rules.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO 1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Objection, this Request does not set forth a single reasonably particularized category of documents to be produced. The Request—although masquerading as a single Request—is actually three separate requests: all documents identified in interrogatories, all documents used to research interrogatories in this case and all documents of draft responses to interrogatories in this case.

While the Request seems to limit the demand by excluding attorney-client privileged documents, it is still problematic. The research and draft responses are privileged information which may include mental impressions of attorney-client communications. Simply adding this exclusion to the Request does not dissolve the protection afforded to every litigant.

Even focusing on non-privileged records, however, the burden attendant of the search Plaintiff demands is excessive. This request is unlimited in scope in that it includes all research, drafts, notes, investigation, or mental impressions used in response to Plaintiff's interrogatories. The demand imposes an extreme burden to the extent it purports to require loanDepot to search the records of each and every employee for any scrap of paper or electronic record that could have been used to respond in this case.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Objection, this demand is vague and does not set forth a single reasonably particularized category of documents to be produced. The Request—although masquerading as a single Request—is actually two separate demands, both of which fail to set forth a reasonably particularized category of documents and both of which seek to impose a massive and inappropriate burden on loanDepot.

To the extent the demand seeks records supporting every defense applicable to every class member, the demand is wildly over broad and imposes a complete undue burden. Searching the highly individualized issues impacting the legality of each call to each individual class member, analyzing every file of every individual that received calls from or on behalf of a third-party for the benefit of loanDepot to determine every applicable fact supporting every defense respecting that individual, would take hundreds of hours, or more. The fact that so many disparate records need to be reviewed and assessed in order to determine the merits of the claims of class members underscores, however, why a class in this case can never be certified.

Moreover, the demand is overly broad because the class, as plead, in the complaint may yet be narrowed prior to the certification stage in the complaint and there is no basis to compel production of wide-ranging documents regarding defenses applicable to non-class members. Indeed, such a production would violate the privacy rights of these parties respecting confidential financial matters.

Indeed, as phrased this Request is broad enough to seek a record of communication between loanDepot's lawyers, in addition to core attorney-client communications. This information is absolutely not admissible and is outside the scope of discovery. *See* Rule 26(b)(1) (discovery permitted on nonprivileged matters only)).

The demand also plainly seeks attorney work product mental impressions—i.e., the opinion of loanDepot's counsel as to whether or not a record does or does not support a defense. Hence, the records it seeks are outside the scope of discovery.

On the basis of these objections, loanDepot declines to respond to this request.


**DOCUMENT REQUEST NO 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** Objection, this demand does not set forth a reasonably particularized category of documents to be produced.

Further, it is vague and ambiguous as it might be read to include a demand for privileged records—such as loanDepot's outside counsel's entire litigation file for this case, or the records of communication between loanDepot's General Counsel and outside counsel, or the records of communication between loanDepot's inhouse Counsel and its executives. As knowingly seeking privileged records is unethical and inappropriate conduct, however, loanDepot will presume Plaintiff seeks solely business records regarding Plaintiff.

Even focusing on non-privileged records, however, the burden attendant of the email search Plaintiff demands is excessive given the limited needs of this case. This request is unlimited in scope in that it includes everything remotely related to the named Plaintiff. The demand imposes an extreme burden to the extent it purports to require loanDepot to search the records of each and every employee for any scrap of paper or electronic record that might make mention of the Plaintiff. Such a search might take thousands of hours, yet only those business records that deal

with consent or outbound calls are conceivably relevant to the case. So, the proportionality requirements of Rule 26 are exceeded.

Moreover, this request is vague and ambiguous as to the terms "relationship" and "investigation."

On the basis of these objections, loanDepot agrees to produce all business records within its possession related to Plaintiff.

**DOCUMENT REQUEST NO 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** Objection. This request incorrectly assumes there was any such failure by any vendor to abide by loanDepot's policies or procedures in the first place.

This request is also vague and ambiguous as it might be read to include a demand for privileged records—such as loanDepot's outside counsel's entire litigation file for this case, or the records of communication between loanDepot's General Counsel and outside counsel, or the records of communication between loanDepot's inhouse Counsel and its executives. As knowingly seeking privileged records is unethical and inappropriate conduct, however, loanDepot will presume Plaintiff seeks solely business records.

This demand is also vague on account of its use of the undefined term of "failure," and loanDepot would be required to make a speculation as to what constitutes a "failure."

Even focusing on non-privileged records, however, the burden attendant of the search Plaintiff demands is excessive given the limited needs of this case. This request imposes an extreme burden to the extent it purports to require loanDepot to search across all its databases and

its records for any failure related to any outbound call ever made from an unspecified time to the present. As such, this request is overly broad as to the timeframe contemplated.

This request is overly broad in that it seeks all records relating to any form of policy violation connected with the sending of outbound calls—not just those at issue in the case. The demand is also overly broad because it seeks "all documents relating" to an event, instead of a specific and reasonably particularized category of documents as the rules require.

Even as to documents related to the scope of the case, the demand is unduly burdensome because loanDepot would first have to identify if any such failure existed. Then, loanDepot would have to have each one of its employees search for any records that may "relate to" such failure. Such a task could take hundreds of hours and the needs of this case do not justify the search. Moreover, the demand is not limited to records in the possession of loanDepot, so it calls on loanDepot to speculate as to what records may exist in the possession of any vendor and improperly purports to require it to produce records outside of its possession or control.

Moreover, records related to conduct of vendors or employees that did not involve class members is outside the scope of discovery in this suit and unrelated to the subject matter of the action. Given the great burden associated with the demanded search and, production, loanDepot objects that the request seeks to impose a burden that is disproportionate to the need for the records in this case.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints

(litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** Objection, this request does not set forth a single reasonably particularized category of documents as the rules require. Instead, it sets forth nearly a dozen, wide-ranging and misshapen requests, each of which imposes an undue burden upon loanDepot given the limited needs of this case.

First, the demand requires loanDepot to produce, and is not limited to, "all complaints . . . and any internal correspondence about the same." The demand is not limited to the complaints themselves, but to "any internal correspondence" related to such complaints, meaning that loanDepot would be required to first: i) locate all potentially responsive complaints (if any); and then ii) prepare a search protocol to find every correspondence in the possession of any of its employee that might in anyway "relate" to such a complaint. Given that the phrase "internal correspondence" is not defined, it is thus vague and ambiguous and calls or loanDepot to speculate as to its meaning. This formless demand would require thousands of hours of work by loanDepot just to search for the "complaints" Plaintiff seeks across all of the potential channels Plaintiff identifies. Then, loanDepot would need to spend thousands of additional hours fashioning a hunt and peck effort to find records that might be considered "correspondence" to any such complaint it finds.

Not only is the demand overly broad in terms of sources of "complaints," it is also thoughtlessly and excessively broad in terms of the type of complaints sought. The demand focuses on complaints related to loanDepot's outbound calls—not the just outbound calls related to this case. In the given time period here, there will be a massive number of calls to analyze to determine whether or not there was a "complaint." Although Plaintiff attempts to limit the request by

qualifying the outbound calls as "unlawful or unauthorized," this only requires loanDepot to first search every outbound call and then refine that search to these terms. This does not decrease the burden on loanDepot and will require hundreds of hours to accomplish.

The receipt of complaints—even those related to the issues in this case—is not proof of any issue relevant to this matter. The TCPA is a strict liability statute. Either loanDepot violated the statute, or it did not. And Plaintiff cannot prove claims using un-litigated hearsay complaints of third parties. Notably, Plaintiff does not limit his demand to complaints by class members so he is seeking statements by third parties that will have no bearing on the outcome of this action. For this reason, too, therefore, the demand imposes an undue burden and fails the proportionality requirements of Rule 26.

But that is just the first portion of the demand. Next, Plaintiff seeks "all do-not-call requests. . . and any internal correspondence about the same." Once again, the requirement that loanDepot find not just the do-not-call requests but all internal correspondence regarding do-not-call requests is overly broad and imposes a massive and improper burden. Fashioning a search for all possible responsive records would take thousands of hours. And records regarding an undefined "internal correspondence" related to do not call requests is simply unnecessary given the needs of this case. Moreover, only certain do not call requests are at issue in this case—those that were followed by additional calls. Yet, Plaintiff seeks records of all do not call requests—including, necessarily— those made by non-class members. Obviously, the production of records related to the private financial matters of third parties who will never be class members is inappropriate and risks consumer privacy needlessly. Finally, the request is vague because it is unclear what constitutes a "do not call request" in Plaintiff's mind. To the extent the Request seeks records other

than "do not call" entries in loanDepot's system of record, therefore, the Request is indeterminably vague.

Third, this request is overly broad because it is not even limited to complaints and do not call requests of loanDepot itself. Rather, this request seeks records of all complaints and do not call requests even of any vendor of loanDepot. Thus, this request literally requires loanDepot to speculate as to who else might have complaints and do not call requests and then attempt to locate and produce such records. This portion of the request could take thousands of hours and is likely an impossible task to complete. And this request improperly states that loanDepot allows its vendors or makes allegedly unlawful or unauthorized outbound calls.

Fourth, this request is massively overbroad and imposes an undue burden on loanDepot. Even after it spends hundreds of hours searching for "complaints" and "do not call requests," then this request requires loanDepot to search for "any response sent, and any internal correspondence about the same." This request alone would take an additional hundreds of hours because loanDepot would have to conduct a file-by-file search on each complaint and search across its numerous employees and communication channels to determine whether any response was sent or internal correspondence was made regarding such complaint.

This request is also vague and ambiguous as it might be read to include a demand for privileged records—such as loanDepot's outside counsel's entire litigation file for this case, or the records of communication between loanDepot's General Counsel and outside counsel, or the records of communication between loanDepot's inhouse Counsel and its executives. As knowingly seeking privileged records in unethical and inappropriate conduct, however, loanDepot will presume Plaintiff seeks solely business records.

Lastly, to the extent Plaintiff is interested in publicly filed cases, the burden associated with the production is undue as that information is equally available to both sides.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Objection, this request does not set forth a single reasonably particularized category of documents as the rules require. Instead, it is at least two requests each of which separately violate the rules.

 In order to respond to this request, loanDepot would first have to determine who provided it with Plaintiff's telephone number or information. Then, loanDepot would have to search for any contract with such entity(ies). However, this request assumes, without proper basis, that loanDepot has such a contract(s). Moreover, loanDepot would have to search for all documents representing agreements with such vendor(s). But this is obviously an overly burdensome demand because loanDepot would have to search its numerous employees and various communication channels to determine whether there is any other record of an agreement. Such a task could take hundreds of hours.

Further, loanDepot objects to the extent this interrogatory seeks information that is confidential and proprietary business information.

Moreover, the term "information" is vague and ambiguous and calls loanDepot to speculate as to its meaning.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Objection, this request is not a reasonably particularized category of documents to be produced. Instead, it is a request for all internal communications with a single/multiple entity(ies). For this reason, this request is also overly broad.

Moreover, this request imposes an undue burden on loanDepot. In order to respond to this request, loanDepot would first need to determine what vendor (if any) provided it with Plaintiff's telephone number or information. If Plaintiff's telephone number came from multiple sources, then it would need to catalogue every such entity. Then, once loanDepot is able to identify all such entities, this request requires loanDepot to identify *all* internal communications with such vendors. Such a task could take hundreds of hours as loanDepot's numerous employees would need to be searched and the various communication channels to be searched to be able to find such communications. This is especially true as this demand is not limited to a specific subject matter. Therefore, any and all internal communications regarding any subject matter whatsoever with such entity(ies) would be responsive to this request. Then, loanDepot would need to produce such communications *en masse*.  Notably, the needs of the case do not justify the search. So, the proportionality requirements of Rule 26 are exceeded.

Moreover, the demand is overly broad as it seeks potentially privileged material like records of communication between loanDepot's inhouse Counsel and its executives. As knowingly seeking privileged records in unethical and inappropriate conduct, however, loanDepot will presume Plaintiff seeks only non-privileged communications.

Further, the term "information" is vague and ambiguous.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 8:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Objection, this request is massively overbroad and imposes an undue burden on loanDepot. In the first place, this request literally requires loanDepot to produce records that are not in its possession or control. The request is not limited, for instance, to contracts with loanDepot. Thus, it literally requires loanDepot to speculate as to who else might have been calling Plaintiff and then attempt to locate and produce contracts or documents of agreements with unrelated third parties related to those calls. It is unclear how long and burdensome such a search might be since loanDepot cannot conceive of how it would know what other parties might be calling Plaintiff if it did not direct those calls itself.

Moreover, this request attempts to seek information irrelevant to the legal or factual issues present in this lawsuit. Plaintiff alleges that loanDepot made the calls to Plaintiff. Therefore, there is no other third party that dialed the calls to the Plaintiff at issue in this case.

loanDepot further objects to this request because it presumes without proper basis that loanDepot had any such contract. Importantly, this request is not limited to entities authorized by loanDepot—if any—to call the Plaintiff. To the extent loanDepot contracted with any entity that communicated with Plaintiff unrelated to loanDepot's services, the demand is overly broad and seeks information outside the scope of discovery.

To the extent this demand seeks records related to vendors that called Plaintiff on loanDepot's behalf, loanDepot responds that no such records are ever believed to have existed.

**<u>DOCUMENT REQUEST NO 9:</u>** All communications with any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE:</u>** Objection, this request is massively overbroad and imposes an undue burden on loanDepot. In the first place, this request literally requires loanDepot to produce communications that are not in its possession or control. The request is not limited, for instance, to communications between loanDepot and a third party. Thus, this request literally requires loanDepot to speculate as to who else might have been calling Plaintiff and then attempt to locate and produce communications with unrelated third parties. It is unclear how long and burdensome such a search might be since loanDepot cannot conceive of how it would know what other parties might be dialing Plaintiff if it did not direct those calls itself.

Moreover, this request attempts to seek information irrelevant to the legal or factual issues present in this lawsuit. Plaintiff alleges that loanDepot made the calls to Plaintiff. Therefore, there is no other third party that "dialed" the calls to the Plaintiff at issue in this case.

On the basis of these objections, loanDepot declines to respond to this request.


**<u>DOCUMENT REQUEST NO 10:</u>** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**<u>RESPONSE:</u>** Objection, this request is unintelligible as phrased. It is unclear what Plaintiff means when he says "dialed the calls to the Plaintiff."

This request is also overly broad and imposes an undue burden on loanDepot. It is overly broad because the request seeks "*all* internal communications" regarding *any* third party. Yet not every such communication regarding a third party will be relevant to this case.

But the work needed to locate such communications would impose a massive burden on loanDepot. In order to respond to this request, loanDepot would need to identify any third parties that "dialed calls to the Plaintiff." This task alone could take numerous hours because, as stated above, it would require loanDepot to speculate as to what third parties have dialed Plaintiff. Second, loanDepot would then have to search across its numerous employees and various communication channels for *any* internal communication regarding that third party. This additional task could take hundreds of hours and is likely an impossible task to complete.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 11:** All communications regarding any lead generation or customer acquisition services you perform by permitting third parties to make telemarketing calls.

**RESPONSE:** Objection, this request does not seek a reasonably particularized category of documents. Instead, this request is at least two requests, each of which separately violate the rules.

Moreover, this request is also vague and ambiguous as it might be read to include a demand for privileged records—such as loanDepot's outside counsel's entire litigation file for this case, or the records of communication between loanDepot's General Counsel and outside counsel, or the records of communication between loanDepot's inhouse Counsel and its executives. As knowingly seeking privileged records is unethical and inappropriate conduct, however, loanDepot will presume Plaintiff seeks solely business records.

As an initial matter, this request is massively overbroad. As phrased, this request seeks "all communications regarding any lead generation or customer acquisition services…" no matter the source and no matter who the communications are between. So, this request demands a massive amount of communications when not all such communications are even relevant to this case.

Indeed, this request requires loanDepot to speculate what communications may be in the possession of other third parties and improperly require it to produce such records.

Even if this request were limited to communications in loanDepot's possession (it is not), the request is still overbroad. First, this request seeks "[a]ll communications regarding any lead generation...services you perform by permitting third parties to make telemarketing calls." But this request presumes, without proper basis, that loanDepot permits third parties to make telemarketing calls. Moreover, this request seeks information outside the scope of discovery in this case. Plaintiff alleges loanDepot made the calls at issue. Therefore, it is unclear how any communications regarding other third parties would be relevant to this case.

This request also imposes an undue burden on loanDepot. loanDepot would have to search its hundreds of employees for any communications regarding lead generation services it performs. But the term "lead generation" is already overbroad. So a huge number of communications would potentially fall within the scope. Such a task could take hundreds of hours and is likely an impossible task to complete.

Second, this request seeks "[a]ll communications regarding... customer acquisition services you perform by permitting third parties to make telemarketing calls." But again, this request presumes, without proper basis, that loanDepot permits third parties to make telemarketing calls. Moreover, this request seeks information outside the scope of discovery in this case. Plaintiff alleges loanDepot made the calls at issue. Therefore, it is unclear how any communications regarding other third parties would be relevant to this case.

This request also imposes an undue burden on loanDepot. loanDepot would have to search its hundreds of employees for any communications regarding customer acquisition services it performs. But the term "customer acquisition" is already overbroad. So a huge number of

communications would potentially fall within the scope. Such a task could take hundreds of hours and is likely an impossible task to complete.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 12:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** Objection, this request is not a reasonably particularized category of documents to be produced. Instead, it is several requests, each of which is separately inappropriate and violates the Rules.

This demand is also overbroad and unduly burdensome. Having to find all documents in loanDepot's possession that even remotely relate to insurance coverage is a timely and impermissible request. It would require a search of every employee, piece of paper, file, email, and such in order to ensure compliance. Certainly, this information will not lead to any evidence that it is more or less likely a violation of the TCPA occurred. And as such, this request is not proportional to the needs of the case.

Next, the Request seeks all documents relating to insurance coverage regardless of whether or not such coverage purports to exclude the acts alleged in this matter by Plaintiff and regardless of whether or not such insurers have declined coverage in this matter. This plainly seeks records

outside the scope of discovery in this action and imposes a burden on loanDepot far in excess of the needs of this case.

On the basis of these objections, loanDepot declines to respond to this request.


**DOCUMENT REQUEST NO 13:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:** Objection, this request is not a reasonably particularized single category of documents to be produced as the rules require. Instead, this is two requests, each of which is separately inappropriate and violated the Rules.

This request presumes without proper basis that loanDepot had any such agreements. Moreover, the records are confidential and proprietary business records.

To the extent the request seeks for "all communications with those third parties," the request is overly broad. This request is further vague and overbroad as to scope because it does not specify the subject matter regarding those communications. As phrased, the request seeks every single communication with a third party regarding any subject matter at any time by any means.

The burden of the search Plaintiff demands is excessive given the limited needs of this case. This request imposes an extreme burden to the extent it purports to require loanDepot to search across all its databases and its records for any reference to a third party that it has indemnification agreements with. Such a search might take thousands of hours, yet only those communications with the Plaintiff are conceivably relevant to the case. So, the proportionality requirements of Rule 26 are exceeded.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 14:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

> a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
>
> b) obtaining or verifying prior express consent;
>
> c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** Objection, this request is not a reasonably particularized single category of documents to be produced as the rules require. Instead, it is several requests, each of which is separately inappropriate and violates the Rules.

First, the request seeks "all documents related to policies" which also is not a reasonably particularized category of documents to be produced, but a shapeless and overly broad demand seemingly seeking every communication, note, or record ever made by any employee regarding any responsive policy. Attempting to search for and produce all such records would take many thousands of hours as there are simply no contours to the request and no limit to the number of potential custodians.

Next, the demand seeks "all documents necessary to construct a timeline…" Here, the demand plainly does not set forth a reasonably particularized category of documents to be produced. There is no way for loanDepot to know what Plaintiff considers "necessary" to create a timeline. And the rules do not require loanDepot to create any records in responding to a document

demand. Indeed, Plaintiff seems to plainly be misusing the Request for Production device—which is not limited in terms of the number of demands that may be served—as a substitute for an interrogatory—which are limited in number. But this is plainly an abuse of the discovery process and an end run around the applicable rules.

Even if the demand were properly limited to seek just the policies and procedures—as opposed to shapeless set of documents "related" to them—the Demand would still be overly broad and impose an undue burden. Not every policy related to the TCPA is at issue in this case. Only a small sliver of conduct is challenged here—calls using a prerecorded voice message. To the extent the demand seeks information beyond the contours of the pleaded claims, it seeks information outside of the scope of discovery in excess of the proportionality mandates of Rule 26.

Further, policies are not relevant at all because a TCPA violation is a strict liability offense. Either loanDepot violated the law, or it did not. So, its policies have nothing to do with the case. Not only is the scope of records sought remarkably inappropriate, so too, is the "category" of records requested. The category is "all documents" which means loanDepot would have to conduct a search of every scrap of paper and data element in the possession of any of its thousands of employees that might conceivably pertain to the subject matter of the request. loanDepot conservatively estimates that the search required to locate such records would take hundreds of hours. Yet, there is no need for any of these materials in connection with this case.

As previously described, the TCPA is a strict liability statute, so the contents of documents pertaining to the efforts to make calls, obtain consent, or honor revocation are not relevant to the action. Even if they were, only that tiny sliver of operative records (i.e., formal policies) pertaining to outbound, prerecorded calls would have any conceivable relevance. Given the lack of any need for the demanded information on the one hand, the extraordinarily broad and thoughtless scope of

the demand and the extreme burden in responding, on the other, counsel has plainly violated Rule 26(g) in asserting and serving this request.

Finally, the demand—as phrased—is broad enough to include any communication of advice given by any loanDepot legal staff member to any employee regarding these topics (and may be broad enough to include outside counsel's records.) As knowingly seeking privileged materials is unethical and inappropriate, loanDepot assumes this vague demand seeks only business records and will reply accordingly.

On the basis of these objections, loanDepot declines to respond to this request.

**DOCUMENT REQUEST NO 15:** Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors on any lead generation or customer acquisition campaigns, including, but not limited, to the campaign that contacted the Plaintiff. This includes, but is not limited to, the following information:

- the date and time;
- the caller ID;
- any recorded message used;
- the result;
- identifying information for the recipient; and
- any other information stored by the call detail records.

**RESPONSE:** Objection, this request is not a reasonably particularized single category of documents to be produced as the rules require. Instead, it is several requests, each of which is separately inappropriate and violates the Rules.

First, the demand seeks "all documents containing" any of the following of innumerable categories of information. Obviously, this is not a single reasonably particularized category of documents to be produced as the rules require. Rather, it is a demand for a shapeless mass of records "containing" any one of over a half dozen data points. Attempting to fashion a search for such a broad ranging set of information—regarding each of potentially millions of occurrences— would consume a truly monumental amount of time. As phrased, loanDepot would have to fashion a specific search regarding each of numerous data sets related to every single call that it made— directly or indirectly—over a multiyear span. It is impossible to know for sure how long such a search would take, but without question it would consume hundreds of thousands of hours.

Further, there is no conceivable relevance to much of the demanded information. As the demand is not limited to calls made to class members, none of the data sought is relevant to the case with respect to information on calls to non-class members. So, Plaintiff demands a huge amount of sensitive data for people who are not—and never will be—parties to this suit. In so doing, he needlessly risks the privacy of thousands of individuals while, ironically, claiming a violation of his own privacy.

Even as to data sets related to potential class members, the demand is overly broad. The content of prerecorded messages is not at issue in this case so the demand for "any recorded message used" is unnecessary and imposes an undue burden. Similarly, records related to "identifying information for the intended recipient" are unnecessary—particularly at this stage of the case given that the identity of class members need not be determined pre-certification. Similarly, the demand for "other information stored by the call detail records" is plainly just an intrusive fishing expedition untethered to any need and imposing a great and unsustainable burden on loanDepot.

Similarly, the demand for "other information stored by the call detail records" is plainly just an intrusive fishing expedition untethered to any need and imposing a great and unsustainable burden on loanDepot.

Remarkably, the request also does not specify what type of calls it seeks data on—other than "outbound telemarking call(s)." The request, as phrased, seeks data regarding any outbound telemarketing call ever made from over a four-year time period. For this reason, the request is also excessively burdensome.

Additionally, this request seeks call data from vendors that did not even contact Plaintiff nor bear any relationship with Plaintiff. Such call data with unrelated vendors are completely irrelevant to this case. If loanDepot were to produce such records, such production would threaten the privacy of hundreds or thousands of loanDepot customers and inquirers who may have ever received a call from loanDepot or its vendors.

Lastly, loanDepot objects to this demand as to the extent that these documents are not in its possession since this request asks for recorded messages "sent by you or your vendors." Those recorded messages sent by the vendors are likely not going to be in loanDepot's possession.

In the end, it is unclear what documents Plaintiff is even after, given the scope and phrasing of the demand. While loanDepot is willing to discuss what, precisely, Plaintiff is seeking and meet and confer in good faith about a potential production of information that is relevant to this action, it will not produce any records in response to this demand.

On the basis of these objections, loanDepot declines to respond to this request.

**<u>DOCUMENT REQUEST NO 16:</u>** All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** Objection, this request is extremely overbroad. This request, as phrased, seeks for loanDepot to identify every single communication it had with *any* third party anywhere "concerning this litigation…" and then to produce such communications. For loanDepot to catalogue every such communication with *any* third-party could take hundreds of hours and is likely an impossible task to complete. This is especially true since it is impossible for loanDepot to even recall every communication it had with any individual "concerning this litigation." Obviously, this is an extremely broad and burdensome demand.

Moreover, this interrogatory is vague and ambiguous as to the phrase "concerning this litigation."

On the basis of these objections, loanDepot declines to respond to this request.


Dated: August 21, 2024                    TROUTMAN AMIN, LLP

                                          By: */s/Brittany A. Andres*_____
                                              Eric J. Troutman
                                              Brittany A. Andres

                                          *Attorneys for Defendant loanDepot.com, LLC*




**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2024, I electronically sent the foregoing to counsel of record for the Plaintiff.


                    */s/ Brittany A. Andres*
                    Brittany A. Andres