**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| ROBERT HUBBLE, | Case No. 1:24-cv-11173 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| LOANDEPOT.COM, LLC, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendant.* | |
| _____/ | |

## NOTICE TO APPEAR FOR MOTION HEARING

Plaintiff filed a Motion for Protective Order (ECF No. 25) and Motion to Compel Responses to Discovery (ECF No. 27), and oral argument will be heard on **December 19, 2024 at 10:00 a.m.** at the Federal Courthouse in Bay City, Michigan.

On motions for discovery that have been referred to the Magistrate Judge, counsel is required to meet and confer in accordance with E.D. Mich. LR 37.1 in an attempt to resolve, or at least narrow, the disputed issues. If the parties are able to successfully resolve the motion prior to oral argument, a Notice of Withdrawal of Motion should be electronically filed by the moving party. If unresolved issues remain, the parties shall prepare and file a Joint List of Unresolved Issues setting forth the issues that remain unresolved. The Joint List must certify that good faith efforts to resolve the matter(s) in controversy have been undertaken and specify the

date(s), time(s), method/mode, and length of the events by which the meet-and-confer requirements were fulfilled. The Joint List shall not exceed ten pages, absent good cause, and should be structured as follows:

> Unresolved Issue No. 1: [Recite Issue]
> - Movant's Position:
> - Respondent's Position (including any proposal made to resolve movant's request):

In addition, for each discovery request or dispute that remains at issue, counsel should assess how the following factors weigh either for or against the discovery:

1. Importance of the issues at stake in the action;
2. The amount in controversy;
3. The parties' resources;
4. The importance of the discovery in resolving the issues;
5. Whether the burden or expense of the proposed discovery outweighs its likely benefit;
6. Whether the discovery sought is cumulative or duplicative;
7. Whether the discovery sought can be obtained from a more convenient, less burdensome, or less expensive source; and
8. Whether the party seeking discovery had ample opportunity to obtain the information by discovery in the action.

Fed. R. Civ. P. 26(b)

No exhibits or attachments shall be filed with the Joint List. The list should be e-filed by the moving party on or before December 12, 2024.

The meet and confer requirement is not satisfied by an e-mail exchange, message left unanswered, or by mere compliance with LR 7.1. Where a conference has not been conducted, the moving party is to submit a written statement to the Court outlining all steps taken to conduct a conference with the opposing party. Any

party refusing to appear for the conference or confer as the Court directs will be subject to costs and/or sanctions.

The parties should be aware that when the district judge has expressly referred all discovery disputes to the magistrate judge, the magistrate judge is available to conduct an informal conference to resolve any pressing discovery disputes. This conference may be in person or by telephone. In cases where there are multiple discovery disputes or where many motions are filed, the Court may set the matter for a general discovery conference. This conference would be an in-person conference.

Finally, a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections. *In re Heparin Prods. Liab. Litig..,* 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

Date: November 6, 2024               S/ PATRICIA T. MORRIS
                                     Patricia T. Morris
                                     United States Magistrate Judge