# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ROBERT HUBBLE**, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**LOANDEPOT.COM, LLC**,<br><br>*Defendant*. | Civil Case No.: 1:24-cv-11173<br><br>Hon. Thomas L. Ludington<br>United States District Judge<br><br>Patricia T. Morris<br>United States Magistrate Judge |

## JOINT LIST OF UNRESOLVED ISSUES

Plaintiff Robert Hubble ("Plaintiff") and Defendant loanDepot.com, LLC ("loanDepot") jointly submit this Joint List of Unresolved Issues, in accordance with the Court's November 6, 2024 Order [ECF No. 29].

The parties hereby certify that good faith efforts to resolve the matters in controversy have been undertaken, but the following unresolved issues remain. The parties held a thirty-minute video meet-and-confer conference on November 14, 2024. During the conference, loanDepot agreed to being producing documents and has done so. The parties held another telephonic meet-and-confer conference on December 5, 2024 that lasted approximately thirty minutes.

**Unresolved Issue No. 1**: Should the Court grant Plaintiff's Motion for a Protective Order [ECF No. 25] that asks the Court to quash the subpoena *duces tecum* issued by Defendant to Verizon Wireless (Plaintiff's cellular telephone

1

carrier), or in the alternative, modify and limit the subpoena to telephone records for the period of time Defendant placed its calls to Mr. Hubble and to the specific numbers Defendant used to call or receive complaint calls from Mr. Hubble.

***Movant's Position***: Plaintiff produced a redacted version of his cellular telephone records that he obtained via subpoena from Verizon Wireless for the time period of November 1, 2023 to June 1, 2024. [ECF No. 25-1]. Plaintiff redacted calls that he placed to, and received from, third parties that are not relevant to the action. Mr. Hubble did not redact calls that were placed to or from Defendant and offered to un-redact calls to/from numbers that Defendant identified as being used to communicate with Plaintiff. These records are more than sufficient to satisfy Defendant's needs in this case.

Plaintiff submits that the unredacted portions of his telephone log, and the calls he placed to, and received from, third parties, are not relevant or likely to lead to admissible evidence. Plaintiff suspects that Defendant is seeking these records to conduct a fishing expedition and/or to harass or burden Plaintiff and the third parties that Plaintiff communicates with in an attempt to deter him from pursuing this action.

Defendant's stated need for the records is to determine if Plaintiff consented to the calls from loanDepot. But, Defendant's purported consent defense does not rely on phone records in any way. Defendant is not arguing Plaintiff called Defendant *first* to seek out information about financial products. If it were,

2

Defendant has the records it needs to evaluate and make that argument. With respect to its affirmative defense of consent, Defendant has alleged that it obtained Plaintiff's information from a third-party lead generator via a website offering "free samples" that allegedly lists Defendant as one of many hundreds of "marketing partners." This has nothing to do with calls Plaintiff may have received.

Finally, Defendant has already demonstrated its disregard for Plaintiff's privacy evidencing *why* a protective order is necessary. Plaintiff took great care to ensure the records he filed with the Court did not include his complete telephone number. Defendant filed a confidential document, subject to the protective order, publicly – again disregarding Plaintiff's privacy rights. Plaintiff respectfully submits that the Court should grant his motion.

**Respondent's Position**: The redacted records provided by Plaintiff are not sufficient to evaluate loanDepot's consent defense and Plaintiff's Motion for a Protective Order must be denied. The call records sought in loanDepot's subpoena to Verizon plainly seeks relevant information. Various courts have found that in a matter involving allegations of violations of the Telephone Consumer Protection Act ("TCPA") call records from telephone carriers are indisputably relevant. Plaintiff contends that his "redacted calls that he placed to, and received from, third parties that are not relevant to the action." But Plaintiff is wrong. Records of calls Plaintiff placed and received from other third parties are certainly relevant in determining

3

whether Plaintiff gave consent. More specifically, records of calls made by other marketing partners as a result of Plaintiff's visit to https://27.mysupersamples.com/ on March 27, 2024 are relevant to the issue of whether Plaintiff provided his consent. And records reflecting calls Plaintiff received as a result of visits to other websites similar to https://27.mysupersamples.com/, would significantly undermine his contention that he never provided his telephone number to loanDepot. Plaintiff suggests that by seeking his unredacted call records, loanDepot seeks to "harass or burden Plaintiff and the third parties that Plaintiff communicates with in an attempt to deter him from pursuing this action." But Plaintiff's concern is unfounded—especially since loanDepot agreed to not call or disclose the phone numbers obtained from the call records.

Finally, any alleged privacy concerns that Plaintiff may have are outweighed by loanDepot's need for such records. Numerous courts have found that a limited and targeted production of call records does not violate a plaintiff's privacy interests. Accordingly, this Court should deny Plaintiff's Motion for a Protective Order and compel the production of Plaintiff's unredacted call records.

**Unresolved Issue No. 2:** Should Defendant be compelled to respond to Interrogatory No. 2 requiring loanDepot to identify "all employees or vendors involved in making outbound calls as part of [its] contact to the Plaintiff. This includes, but is not limited to, (a) third parties that [it] contract[s] with who make

4

telemarketing calls to generate leads, (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained" and Interrogatory Nos. 3 which requires loanDepot to "[i]dentify and describe the work of each employee or vendor identified in response to Interrogatory No. 2"?

*Movant's Position:* Plaintiff submits that he is entitled to full and complete responses to Interrogatory Nos. 2 and 3 because this basic information is clearly relevant to Plaintiff's claims. Plaintiff seeks information about who was involved in contacting the Plaintiff and what their specific role was with respect to that contact. Defendant's responses will identify witnesses with relevant information that Plaintiff may seek to depose. Defendant should be compelled to respond to this Interrogatory.

*Respondent's Position:* Plaintiff's Interrogatory Nos. 2 and 3 are plainly overbroad as phrased and burdensome. Plaintiff claims these requests seek "basic information…about who was involved in contacting the Plaintiff and what their specific role was with respect to that contact", but the actual scope of Interrogatory Nos. 2 and 3 far exceeds the scope than what Plaintiff describes.

Interrogatory No. 2 requires loanDepot to identify "all employees or vendors *involved in making outbound calls* as part of [its] contact to the Plaintiff." (emphasis added). Yet, it is unclear what "involved in making outbound calls means." More importantly, the burden associated with identifying every single employee and every

5

single vendor involved in making outbound calls as part of its contact to Plaintiff is undue. And Plaintiff fails to establish the relevance for such information.

Moreover, Interrogatory No. 3 asks loanDepot to "identify and describe the work of each employee or vendor", but it is unclear what relevance this information has to any of the legal issues in this case. Plaintiff argues that "Defendant's responses will identify witnesses with relevant information that Plaintiff may seek to depose", but such witnesses would already be identified in response to Interrogatory No. 2. Plaintiff fails to explain why a description of the work of each employee or vendor is necessary much less relevant. And the burden imposed on loanDepot to provide a response here would be incredibly time consuming. As such, Plaintiff's Motion to compel should be denied.

**Unresolved Issue No. 3:** Should Defendant be compelled to respond to RFPD No. 15 which requires loanDepot to "produce all documents containing any of the following information for each outbound telemarketing call sent by [it] or [its] vendors on any lead generation or customer acquisition campaigns, including but not limited, to the campaign that contacted Plaintiff. This includes, but is not limited to, the following information: the date and time; the caller ID; any recorded message used; the result; identifying information for the recipient; and any other information stored by the call detail records"?

***Movant's Position:*** The information sought by this request is highly relevant

6

to the elements of Rule 23 and Plaintiff's class certification motion. If Defendant will not stipulate to class certification, Defendant must produce this information. Courts routinely require that this information be produced. Defendant's position that it simply doesn't produce call data absent a court order is not a good faith position.

Plaintiff, in a good faith attempt to narrow the request, offered to limit it to production of pre-recorded calls made to individuals where (a) the information came from the same source as Plaintiff's information and (b) calls made after a "STOP" request had been made. Defendant still refused to produce any information absent a court order. As a result, Defendant should be compelled to produce all responsive calling data sought by the initial request.

***Respondent's Position:*** RFPD No. 15 is extremely overbroad and burdensome. Plaintiff asserts that a response to RFPD No. 15 is "highly relevant to the elements of Rule 23 and Plaintiff's class certification motion." However, Plaintiff fails to articulate how these records are specifically relevant to the Rule 23 requirements. To the extent that these records are purportedly necessary to establish the numerosity requirement of Rule 23, loanDepot has already offered to stipulate to numerosity, rendering this demand unnecessary.

Even assuming RFPD No. 15 was relevant and described with reasonable particularity—which it is not—the burden imposed on loanDepot far outweighs any potential usefulness of the requested production. Importantly, loanDepot does not

maintain a complete set of the calls Plaintiff seeks, and even if such records existed, compliance would require an extensive, call-by-call review that would demand hundreds, if not thousands, of hours. This disproportionate burden underscores that Plaintiff's demand is neither reasonable nor justified under the circumstances.

**Unresolved Issue No. 4:** Should Defendant be compelled to respond to Interrogatory No. 7 which states: "[i]f you contend that any putative class member provided consent to receive telephone calls, state all facts in support of that contention and identify the date(s) on which the means by which you contend consent was obtained and the language present on the website it was contained on"?

*Movant's Position:* Defendant has raised the affirmative defense of consent, but at the same time is refusing to provide any information or documents related to that consent. Defendant must know who it called, where it received the numbers, and what consent it believes it had to call those numbers. If Defendant intends to maintain its defense of consent with respect to Plaintiff and the class, Defendant should be compelled to respond to Interrogatory No. 7 and provide information related to its defense. If Defendant refuses, the Court should strike Defendant's consent defense and prohibit Defendant from raising it in this action.

*Respondent's Position:* Interrogatory No. 7 is massively overbroad and would impose a huge burden on loanDepot. To respond to Interrogatory No. 7, loanDepot would first need to identify putative class members, which requires

identifying every individual who received an artificial or prerecorded voice message over a multi-year period—a process estimated to take dozens of hours. Next, loanDepot would need to state all facts supporting the contention that each identified class member provided consent, necessitating a file-by-file review of consent records for each phone number, a task consuming hundreds of hours or more. Additionally, identifying the date consent was obtained would involve matching multiple lead submissions across various sources to specific phone numbers, a time-intensive, number-by-number process. Finally, the request to identify the language on the website where consent was given would likely be an impossible task to complete because loanDepot does not possess or control such records. And even if loanDepot attempted to link each specific consent record to each call, the process would require thousands of hours.

Again, none of this information is needed at this stage. Indeed, evidence related to the specific merits of each individual class members claim need not be produced at the certification stage.

**Unresolved Issue No. 5:** Should Defendant be compelled to respond to RFPD No. 5, which requires loanDepot to "produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any

9

response sent, and any internal correspondence about the same"?

*Movant's Position:* Plaintiff submits that evidence of prior complaints from consumers about Defendant's telemarketing calls and practices are relevant to at least the issue of whether Defendant's violations of the TCPA were knowing and willful. Courts routinely allow discovery of this type of evidence in the context of a TCPA case.

*Respondent's Position:* Plaintiff's RFPD No. 5 is massively overbroad as phrased and would impose a huge burden on loanDepot. The demand seeks *all* complaints or do-not-call requests concerning outbound calls made by loanDepot *or its vendors* for allowing or making allegedly unlawful or unauthorized outbound calls. As an initial matter, loanDepot does not "allow" it or its vendors to make unlawful or unauthorized outbound calls. Second, the demand is massively overbroad. Indeed, the demand is not limited to the type of calls that Plaintiff received. Therefore, calls related to loanDepot's servicing arm would also fall within the scope of this request but would be irrelevant to any party's claims or defenses. Moreover, the demand would also impose a huge burden on loanDepot to even search for such complaints. Further, RFP No. 5 seeks records that do not exist, or at least not in loanDepot's possession or control. Rather obviously, loanDepot does not have records of complaints or do-not-call requests made to its vendors (if any) and a party need not produce records that are not in its possession or control.

Dated: December 12, 2024

| | |
|---|---|
| /s/Brittany A. Andres_____ | s/Max S. Morgan_____ |
| Eric J. Troutman | Max S. Morgan, Esquire |
| Brittany A. Andres | THE WEITZ FIRM, LLC |
| TROUTMAN AMIN, LLP | 1515 Market Street, #1100 |
| 400 Spectrum Center Drive | Philadelphia, PA 19102 |
| Suite 1550 | Tel: (267) 587-6240 |
| Irvine, CA 92618 | Fax: (215) 689-0875 |
| troutman@troutmanamin.com | max.morgan@theweitzfirm.com |
| brittany@troutmanamin.com | |
| Tel: (949) 350-5612 | Anthony I. Paronich |
| | Paronich Law, P.C. |
| *Attorneys for Defendant* | 350 Lincoln Street, Suite 2400 |
| *loanDepot.com, LLC* | Hingham, MA 02043 |
| | (508) 221-1510 |
| | anthony@paronichlaw.com |
| | |
| | George T. Blackmore (P76942) |
| | BLACKMORE LAW PLC |
| | 1100 Owendale Drive, Suite M |
| | Troy, MI 48083 |
| | T: (833) 343-6743 |
| | F: (855) 744-4419 |
| | E: george@blackmore.law |
| | |
| | *Attorneys for Plaintiff and the Putative Classes* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2024, I caused a copy of the foregoing to be filed electronically with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

<u>s/Max S. Morgan</u><br>Max S. Morgan, Esq.