## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ROBERT HUBBLE**, *on behalf of himself and all others similarly situated*,<br><br>             *Plaintiff*,<br><br>  v.<br><br>**LOANDEPOT.COM, LLC**,<br><br>             *Defendant*. | Civil Case No.: 1:24-cv-11173<br><br>Hon. Thomas L. Ludington<br>United States District Judge<br><br>Patricia T. Morris<br>United States Magistrate Judge |

## JOINT LIST OF UNRESOLVED ISSUES

Plaintiff Robert Hubble ("Plaintiff") and Defendant loanDepot.com, LLC ("loanDepot") jointly submit this Joint List of Unresolved Issues, in accordance with the Court's April 8, 2025 Order [ECF No. 46].

The parties hereby certify that good faith efforts to resolve the matters in controversy have been undertaken, including during a meet and confer call held on April 29, 2025, but the following unresolved issue remains.

**Unresolved Issue**: Should the Court grant Plaintiff's Motion for a Protective Order [ECF No. 25] that asks the Court to quash the subpoena *duces tecum* issued by Defendant to Verizon Wireless (Plaintiff's cellular telephone carrier), or in the alternative, modify and limit the subpoena to telephone records for the period of time Defendant placed its calls to Mr. Hubble and to the specific numbers Defendant used to call or receive complaint calls from Mr. Hubble.

***Movant's Position***: Plaintiff produced a redacted version of his cellular telephone records that he obtained via subpoena from Verizon Wireless for the time period of November 1, 2023 to June 1, 2024. [ECF No. 25-1]. Plaintiff redacted calls that he placed to, and received from, third parties that are not relevant to the action. Mr. Hubble did not redact calls that were placed to or from Defendant and offered to un-redact calls to/from numbers that Defendant identified as being used, by Defendant, to communicate with Plaintiff. These records are more than sufficient to satisfy Defendant's needs in this case.

Plaintiff submits that the unredacted portions of his telephone log, and the calls he placed to, and received from, third parties, are not relevant or likely to lead to admissible evidence. Plaintiff suspects that Defendant is seeking these records to conduct a fishing expedition and/or to harass or burden Plaintiff and the third parties that Plaintiff communicates with in an attempt to deter him from pursuing this action.

Defendant's stated need for the records is to determine if Plaintiff consented to the calls from loanDepot. But, Defendant's purported consent defense does not rely on phone records in any way. Defendant is not arguing Plaintiff called Defendant *first* to seek out information about financial products. If it were, Defendant has the records it needs to evaluate and make that argument. With respect to its affirmative defense of consent, Defendant has alleged that it obtained Plaintiff's information from a third-party lead generator via a website offering "free

samples" that allegedly lists Defendant as one of many hundreds of "marketing partners." Defendant's consent defense simply has nothing to do with calls Plaintiff may have received from or placed to third parties.

Finally, Defendant has already demonstrated its disregard for Plaintiff's privacy evidencing *why* a protective order is necessary. Plaintiff took great care to ensure the records he filed with the Court did not include his complete telephone number. Defendant filed a confidential document, subject to the protective order, publicly – again disregarding Plaintiff's privacy rights. Plaintiff respectfully submits that the Court should grant his motion.

In numerous meet-and-confer conferences, Defendant stated that it was seeking records of inbound and outbound calls to determine if any of the numbers were associated with companies that offer mortgages or refinancings. While this information would not be relevant to show *Defendant's consent* to call Plaintiff, Plaintiff offered to provide Defendant with a list of any toll-free or commercial numbers (*i.e.*, numbers that begin with one of the following three-digit codes: 800, 888, 877, 866, 855, 844 or 833) that appeared on his phone records.  Plaintiff offered to provide complete phone records for any calls to or from any toll-free or commercial numbers that were associated with a company offering residential mortgages or refinancing.  Plaintiff also offered to search for any telephone numbers Defendant provides to Plaintiff that appear on his telephone records and report if

such numbers were present.  Defendant declined this compromise. Finally, Plaintiff offered to conduct a google search of the remaining telephone numbers in his records and provide a list of any numbers that resulted in a definitive result showing it was a mortgage/refinancing company if Defendant was not satisfied, in good faith, with the provision of the toll-free numbers/initial search (e.g., the toll free numbers showed a relationship to mortgage companies/refinancing companies).

**Respondent's Position**: The redacted records provided by Plaintiff are not sufficient to evaluate loanDepot's consent defense and Plaintiff's Motion for a Protective Order must be denied. The call records sought in loanDepot's subpoena to Verizon plainly seeks relevant information. Various courts have found that in a matter involving allegations of violations of the Telephone Consumer Protection Act ("TCPA") call records from telephone carriers are indisputably relevant. Plaintiff contends that his "redacted calls that he placed to, and received from, third parties that are not relevant to the action." But Plaintiff is wrong. Records of calls Plaintiff placed and received from other third parties are certainly relevant in determining whether Plaintiff gave consent. More specifically, records of calls made by other marketing partners as a result of Plaintiff's visit to https://27.mysupersamples.com/ on March 27, 2024 are relevant to the issue of whether Plaintiff provided his consent. And records reflecting calls Plaintiff received as a result of visits to other websites similar to https://27.mysupersamples.com/, would significantly undermine his

4

contention that he never provided his telephone number to loanDepot. Plaintiff suggests that by seeking his unredacted call records, loanDepot seeks to "harass or burden Plaintiff and the third parties that Plaintiff communicates with in an attempt to deter him from pursuing this action." But Plaintiff's concern is unfounded—especially since loanDepot agreed to not call or disclose the phone numbers obtained from the call records.

Finally, any alleged privacy concerns that Plaintiff may have are outweighed by loanDepot's need for such records. Numerous courts have found that a limited and targeted production of call records does not violate a plaintiff's privacy interests. Accordingly, this Court should deny Plaintiff's Motion for a Protective Order and compel the production of Plaintiff's unredacted call records.

During a meet and confer with Plaintiff's counsel, loanDepot indicated its willingness to accept only commercial or business phone numbers from Plaintiff's carrier records. Plaintiff, however, rejected this reasonable proposal and instead offered to produce only records from toll-free phone numbers. This offer is plainly insufficient, as many businesses use standard area code phone numbers rather than toll-free numbers. Moreover, Plaintiff's proposal to search for any telephone numbers loanDepot provides to Plaintiff is unreasonable as it improperly shifts the burden on loanDepot by requiring it to speculate as to what phone numbers might appear in Plaintiff's carrier records, while simultaneously limiting Plaintiff's

production obligations to only those numbers.


Dated: April 30, 2025

/s/Brittany A. Andres_____          s/Max S. Morgan_____
Eric J. Troutman                            Max S. Morgan, Esquire
Brittany A. Andres                          THE WEITZ FIRM, LLC
TROUTMAN AMIN, LLP                          1515 Market Street, #1100
400 Spectrum Center Drive                   Philadelphia, PA 19102
Suite 1550                                  Tel: (267) 587-6240
Irvine, CA 92618                            Fax: (215) 689-0875
troutman@troutmanamin.com                   max.morgan@theweitzfirm.com
brittany@troutmanamin.com
Tel: (949) 350-5612                         Anthony I. Paronich
                                            Paronich Law, P.C.
*Attorneys for Defendant*                   350 Lincoln Street, Suite 2400
*loanDepot.com, LLC*                        Hingham, MA 02043
                                            (508) 221-1510
                                            anthony@paronichlaw.com


                                            George T. Blackmore (P76942)
                                            BLACKMORE LAW PLC
                                            1100 Owendale Drive, Suite M
                                            Troy, MI 48083
                                            T: (833) 343-6743
                                            F: (855) 744-4419
                                            E: george@blackmore.law

                                            *Attorneys for Plaintiff and the Putative*
                                            *Classes*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2025, I caused a copy of the foregoing to be filed electronically with the United States District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

_s/Max S. Morgan_____
Max S. Morgan, Esq.