UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT HUBBLE,

                Plaintiff,                      Case No. 1:24-cv-11173

v.                                                   Honorable Thomas L. Ludington
                                                            United States District Judge
LOANDEPOT.COM, LLC,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S PRE-DISCOVERY MOTION TO STRIKE CLASS ALLEGATIONS**

In class action litigation, defending against and prevailing on a class certification motion is like winning a split decision after a twelve-round boxing match. Before having its hand raised, a defendant must endure rounds of precertification discovery—often featuring protracted, expensive battles over experts, depositions, and interrogatories. *See Shupe v. Rocket Companies, Inc.*, 752 F. Supp. 3d 689 (E.D. Mich. 2024). And it must endure laborious briefing on the Civil Rule 23 class prerequisites, which must then undergo a "rigorous analysis." *Fox v. Saginaw Cnty.*, 67 F.4th 284, 300 (6th Cir. 2023); *see also Fox v. Cnty. of Saginaw*, No. 1:19-CV-11887, 2025 WL 2419232, at *7–13 (E.D. Mich. Aug. 21, 2025). So some defendants swing for a first-round knockout: they seek to strike the complaint's class allegations before discovery, narrowing the case to just the named plaintiff's claims. *See, e.g., Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011); *see also* W. MARION WILSON & SAM VANVOLKENBURGH, *A First-Round Knockout for Defendants: Pre-Discovery Motions to Strike Class Allegations*, YOUNG LAWYERS (Apr. 2015).

Defendant loanDepot.com, LLC does just that. Indeed, after Plaintiff Robert Hubble brought this putative class action against Defendant for allegedly violating the Telephone

Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, Defendant moved to strike Plaintiff's class allegations before discovery. But as explained below, Defendant's Motion, ECF No. 12, misses the mark. So it will be denied.

I.

The following allegations are drawn from Plaintiff's Complaint, ECF No. 1, and are assumed true for the purposes of this Opinion and Order because Defendant's Motion does not pertain to the accuracy of the facts. *See* ECF No. 12; *see also E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (tracing the Civil Rule 12(f) standard).

In early January 2024, Defendant loanDepot.com began making live and prerecorded sales calls to Plaintiff Robert Hubble. ECF No. 1 at PageID.5. Defendant's calls telemarketed its mortgage and loan products to Plaintiff. *Id.* When Plaintiff received one of these calls from a live representative, he would "explain[] that he was not interested and did not need any mortgage services or loan products." *Id.* at PageID.5–6. And Plaintiff would ask Defendant to cease calling him. *Id.* at PageID.6.

But Defendant persisted. *Id.* To stop the sales calls, Plaintiff called Defendant. *Id.* When he called, a message greeted Plaintiff stating, "Thank you for calling loanDepot. To opt-out of further calls, press one." *Id.* So Plaintiff pressed one. *Id.*

Yet Defendant's calls continued. *Id.* Eventually, Plaintiff located a live representative of Defendant. *Id.* Plaintiff again requested that the calls cease. *Id.* Still, Defendant's calls continued, occasionally leaving Plaintiff prerecorded voicemails. *Id.* All in all, Plaintiff alleges that after he asked Defendant to stop calling, Defendant called him approximately 48 times in less than a month. *See id.* at PageID.7–9.

Because of these calls, on May 2, 2024, Plaintiff filed this putative class action against Defendant. ECF No. 1. Plaintiff's class allegations list two classes: (1) the "Prerecorded Class"; and (2) the "Pre-recorded Stop Class." *Id.* at PageID.11. Plaintiff defines the Prerecorded Class as "Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant called using an artificial or prerecorded voice message for the same purpose Plaintiff was called." *Id.* By contrast, Plaintiff defines the Prerecorded Stop Class as "All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called (2) using an artificial or prerecorded voice (3) despite previously requesting to no longer be contacted." *Id.*

Plaintiff asserts two claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, one for each class. *See id.* at PageID.13–14. First, on behalf of the Prerecorded Class, Plaintiff asserts that Defendant violated 47 U.S.C. § 227(b) by placing nonemergent prerecorded telephone calls to Plaintiff and others without prior consent. *Id.* Second, on behalf of the Prerecorded Stop Class, Plaintiff asserts that Defendant violated 47 U.S.C. § 227(b) by making telemarketing calls to Plaintiff and others after receiving "do not call" requests. *Id.* at PageID.14.

Shortly after Plaintiff sued, Defendant moved to strike Plaintiff's class allegations. *See* ECF No. 12. Defendant alleges Plaintiff's class definitions are vague and overbroad, rendering them uncertifiable. *See id.* at PageID.59–60.

**II.**

Under Civil Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Moreover, Civil Rule 23(c)(1)(A) requires a court to determine "whether to certify the action as a class action" at "an early practicable time" in the case. Based on these two rules, a defendant may file a motion to strike class allegations before the plaintiffs move for class certification. *Sauter v. CVS Pharmacy, Inc.*,

- 3 -

No. 2:13-CV-846, 2014 WL 1814076, at *2 (S.D. Ohio May 7, 2014) (citing 1 MCLAUGHLIN ON CLASS ACTIONS § 3:4 (10th ed.2013) (collecting cases)). And the Sixth Circuit permits motions to strike class allegations before discovery. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945 (6th Cir. 2011); *see also Nichols v. Accretive Cap. LLC*, No. 23-10473, 2023 WL 7222677, at *4 (E.D. Mich. Nov. 2, 2023) (observing that "nothing in Rule 23 prevents a defendant from attempting to preemptively deny certification on the grounds that Rule 23(a) and (b) can never be satisfied" (quotation modified)).

But pre-discovery motions to strike class allegations are disfavored. Such motions are granted only in the narrow circumstance where it is impossible to certify the defined class, regardless of what facts might emerge in discovery. *Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 352 (S.D.N.Y. 2024) (citation modified); *see also Stevenson v. Sam's W., Inc.*, No. 3:24-CV-294, 2025 WL 1558259, at *4 (S.D. Ohio June 2, 2025). One such circumstance arises when the proposed definition creates a "failsafe" class—one that cannot be defined until the merits are resolved. *Nichols*, 2023 WL 7222677, at *4 (quoting *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)); *see also Sauter*, 2014 WL 1814076, at *9. Indeed, these failsafe classes are prohibited and thus impossible to certify because they "allow putative class members to seek a remedy but not be bound by an adverse judgment—either those class members win or, by virtue of losing, they are not in the class and are not bound." *Young*, 693 F.3d at 538 (citation modified). Outside of such circumstances, however, the more prudent course is to defer ruling on certification until discovery provides an adequate record for resolving the issues. *See Nichols*, 2023 WL 7222677, at *4 (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996)).

**III.**

Defendant's argument for why the class allegations should be stricken is two-fold. First, Defendant argues that Plaintiff's class definitions are vague—and are thus uncertifiable for lack of

- 4 -

ascertainability—because they are "defined based on persons [Defendant] 'called.'" ECF No. 12 at PageID.59, 63–65. Second, Defendant argues that the class definitions are overbroad because they could include calls placed by Defendant with consent. *Id.* at PageID.65–69. Defendant's arguments are addressed in turn below.

### A.

Start with Defendant's argument that the classes are vague because they are "defined based on persons [Defendant] 'called.'" ECF No. 12 at PageID.59, 63–65. Defendant argues that this indefiniteness warrants striking the class allegations because "called" could refer to three categories of people: "i) the person [Defendant] was trying to reach; ii) the person [who] answered the phone; iii) or the person subscribing to the line." *Id.* at PageID.59. Defendant contends that this uncertainty makes it "impossible to ascertain the individuals who fit within the proposed classes." *Id.* at PageID.64. And in Defendant's view, a proper TCPA class should be "defined based upon ownership of the cell phone numbers." *Id.* While Defendant has a point, striking the class allegations on this ground is not warranted.

To Defendant's point, ordinarily, TCPA classes are defined more precisely than just those that a defendant chose to call. Indeed, for clarity, TCPA classes are usually defined based on ownership of the cell phone or fax number. *See, e.g.*, *Eldridge v. Cabela's Inc.*, No. 3:16-CV-536-DJH, 2017 WL 4364205, at *8 (W.D. Ky. Sept. 29, 2017); *Elrod v. No Tax 4 Nash*, No. 3:20-CV-00617, 2021 WL 1316703, at *1 (M.D. Tenn. Apr. 8, 2021); *Fabec v. Debt Mgmt. Partners, LLC*, No. 1:18 CV 1537, 2019 WL 5393991, at *1–2 (N.D. Ohio May 29, 2019); *Skeete v. Republic Sch. Nashville*, No. 3-16-CV-0043, 2017 WL 2989189, at *1 (M.D. Tenn. Mar. 21, 2017); *Webb v. Circle K Stores Inc.*, No. CV-22-00716-PHX-ROS, 2022 WL 16649821, at *1 (D. Ariz. Nov. 3, 2022).

But courts have certified similar class definitions to Plaintiff's. That is, courts have certified classes with definitions that feature no distinction between the three possible categories of people

Defendant identifies. *See, e.g., Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014) (upholding certification of a class including "[a]ll persons who were successfully sent a facsimile . . ."); *see also Silbaugh v. Viking Mag. Servs.*, 278 F.R.D. 389, 391 (N.D. Ohio 2012) (certifying a class "consisting of all persons sent Viking texts with an ATDS since February 1, 2011"); *Carmouche v. A1 Diabetes & Med. Supply, Inc.*, 586 F. Supp. 3d 795, 797 (W.D. Tenn. 2022). And in any event, to the extent the definition needs a little more clarity, such "fine-tuning [of] the class definition" is best left for the class certification stage. *Webb*, 2022 WL 16649821, at *3. After all, "district courts have broad discretion to modify class definitions." *Powers v. Hamilton Cnty. Pub. Defender Com'n,* 501 F.3d 592, 619 (6th Cir. 2007). As a result, striking the class definition for vagueness is not warranted at the pleading stage here.

### B.

Turn to Defendant's overbreadth arguments. Defendant argues that the class definitions, as written, could include those who consented to receive calls from Defendant. *Id.* at PageID.65–69. And, according to Defendant, because § 227(b)(1)(A) of the TCPA does not prohibit making prerecorded calls "for emergency purposes or . . . with prior express consent of the called party," people who consented to Defendant's calls lack standing, rendering the classes uncertifiable in that they could include people without standing. *Id.* at PageID.65–68. Defendant also contends that this overbreadth renders the classes uncertifiable for lack of commonality. *Id.* at PageID.68–69. These arguments fall short at this stage of the case.

For starters, it is not impossible to certify a TCPA class with a definition that does not expressly exclude telecommunication recipients who "solicited or consented to receiving the challenged" communications. *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1123–26 (6th Cir. 2016). Indeed, discovery could reveal "a class-wide absence of consent," *id.* at 1125, which would ultimately moot Defendant's consent concerns. In other words, further "factual

development" could alter the certification analysis, which counsels heavily against striking Plaintiff's class allegations at the pleading stage. *Cf. Pilgrim*, 660 F.3d at 949; *see also Zachary*, 716 F. Supp. 3d at 352; *Stevenson*, 2025 WL 1558259, at *4.

Not to mention, Defendant seemingly faults Plaintiff for not pleading a failsafe class. To that end, TCPA class definitions that are defined in terms of consent render the class a failsafe class. *See, e.g.*, *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538–40 (E.D. Mich. 2015) (collecting cases). These classes are failsafe classes because the lack of consent is a component of liability for TCPA claims. *See id.* In this way, TCPA classes that exclude those who consented to the challenged prerecorded telecommunications "consist[] 'solely of persons who can establish that defendant violated the TCPA.'" *Id.* at 539 (quoting *Lindsay Transmission, LLC v. Office Depot, Inc.*, Case No. 12–cv–221, 2013 WL 275568, *4 (E.D. Mo. Jan. 24, 2013)). In the end, it appears striking Plaintiff's allegations based on Defendant's consent critique would create a catch-22 for Plaintiffs at the pleading stage: define your TCPA class in terms of consent and have your class allegations stricken before discovery under failsafe principles; don't define it in terms of consent and have it stricken on other grounds.

All said, Defendant's attempt at a first-round knockout misses the mark: striking Plaintiff's class allegations before discovery is not warranted on either ground that it raises. As a result, Defendant loanDepot.com, LLC's Motion to Strike Class Allegations, ECF No. 12, will be denied.

## IV.

Accordingly, it is **ORDERED** that Defendant loanDepot.com, LLC's Motion to Strike Class Allegations, ECF No. 12, is **DENIED**.

**This is not a final order and does not close this case.**

Dated: September 23, 2025  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge