UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**ROBERT HUBBLE,** *on behalf of himself and all others similarly situated,*

  *Plaintiff,*

v.

**LOANDEPOT.COM, LLC,**

  *Defendant.*

_____/

Case No. 1:24-CV-11173-TLL-PTM

## JOINT STIPULATION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER

Plaintiff Robert Hubble ("Plaintiff"), and Defendant loanDepot.com, LLC ("Defendant") by and through undersigned counsel, hereby stipulate to modify the Amended Case Management and Scheduling Order entered by the Court on December 24, 2025 (ECF 56). In support of this stipulation, the parties state as follows:

1. This case has reached the class certification phase, but the factual record necessary to fairly and efficiently brief that issue is not yet complete due to circumstances outside of the Parties' control.

2. Key depositions—most notably Defendant's deposition and Plaintiff's deposition—have not yet occurred due to disputes over deposition sequencing, Defendant's third party subpoena discovery efforts, weather-related travel disruptions, and ongoing discovery disputes requiring meet-and-confer efforts.

1

3. Although the parties have actively engaged in discovery, they have not yet completed the deposition of Defendant's witnesses relevant to class certification. Plaintiff has sought to depose Defendant—whether through a Rule 30(b)(6) designee or Rule 30(b)(1) witness—before filing a motion for class certification, as Plaintiff contends Defendant's policies, practices, and data systems are central to Rule 23 issues.

4. The parties have conferred regarding deposition sequencing. Defendant has taken the position that Plaintiff's deposition should proceed first, while Plaintiff has maintained that Defendant's deposition must occur before Plaintiff can reasonably brief class certification. These unresolved sequencing disputes resulted in postponement of scheduled depositions by mutual agreement.

5. Compounding these issues, severe winter weather interfered with travel plans for noticed depositions, requiring further postponements and anticipated cancellations. These delays were not the result of the Parties' lack of diligence, but rather practical and logistical realities outside the Parties' control.

6. Until Defendant's deposition is completed, Plaintiff contends he cannot reasonably be expected to file a fully informed motion for class certification.

7. In January 2026, Defendant served subpoenas on nine third-party witnesses, including Plaintiff's spouse, concerning an incident occurring during the pendency of this lawsuit that the Plaintiff maintains is unrelated to anything relevant

to the action here. However, Defendant contends that these depositions are relevant to Plaintiff's credibility, adequacy, and ability to serve as a class representative under Rule 23. Those subpoenas prompted extensive meet-and-confer efforts and disputes regarding relevance, privilege, proportionality, and duplication of discovery. Ultimately, Defendant agreed to withdraw seven of the subpoenas without prejudice.

8. Although Defendant ultimately withdrew the majority of these subpoenas without prejudice, Defendant has indicated it may seek to re-notice certain depositions. Plaintiff contends addressing these subpoenas and related disputes diverted resources and delayed completion of core discovery relevant to class certification. Defendant contends that its third-party discovery efforts did not impede Plaintiff's ability to proceed with Defendant's deposition or otherwise delay discovery relevant to class certification.

9. Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause. The primary consideration is the diligence of the parties. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

10. Good cause exists where deadlines cannot reasonably be met despite diligent efforts. The Parties have acted diligently at every stage. The requested extension is justified by circumstances outside the Parties' control and is narrowly tailored to the remaining deadlines.

11. In light of the above, the Parties respectfully requests that the Court

3

modify the Case Management and Scheduling Order as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Certification Motion Filed By | February 13, 2026 | **April 14, 2026** |
| Class Certification Motion Response Filed By | April 27, 2026 | **June 26, 2026** |
| Class Certification Motion Reply Filed By | May 21, 2026 | **July 20, 2026** |
| Discovery Motions Filed By | June 25, 2026 | **August 24, 2026** |
| Discovery Cutoff | June 29, 2026 | **August 28, 2026** |
| Motions Challenging Experts Filed By | September 28, 2026 | **November 27, 2026** |
| Dispositive Motions Filed By | October 13, 2026 | **December 11, 2026** |

12. The requested extension is modest, will not prejudice either party, and will not impact any trial date.

13. The parties have demonstrated good cause under Rule 16(b)(4). The requested extension is necessary to complete essential discovery—particularly Defendant's deposition and Plaintiff's deposition—before class certification briefing proceeds. Granting this motion will promote efficiency, fairness, and adjudication on a complete factual record.

**ACCORDINGLY, IT IS HEREBY STIPULATED** that the aforementioned deadlines are extended as set forth above.

Dated: February 10, 2026

| | |
|---|---|
| /s/ Brittany A. Andres<br>Eric J. Troutman<br>Brittany A. Andres<br>TROUTMAN AMIN, LLP<br>400 Spectrum Center Drive<br>Suite 1550<br>Irvine, CA 92618<br>troutman@troutmanamin.com<br>brittany@troutmanamin.com<br>Tel: (949) 350-5612<br><br>*Attorneys for Defendant loanDepot.com, LLC* | /s/Anthony I. Paronich<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com<br><br>Max S. Morgan, Esquire<br>THE WEITZ FIRM, LLC<br>1515 Market Street, #1100<br>Philadelphia, PA 19102<br>Tel: (267) 587-6240<br>Fax: (215) 689-0875<br>max.morgan@theweitzfirm.com<br><br>George T. Blackmore (P76942)<br>BLACKMORE LAW PLC<br>1100 Owendale Drive, Suite M<br>Troy, MI 48083<br>T: (833) 343-6743<br>F: (855) 744-4419<br>E: george@blackmore.law<br><br>*Attorneys for Plaintiff and the Putative Classes* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2026, he caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            /s/ *Anthony I. Paronich*
                                            Anthony I. Paronich