# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**ROBERT HUBBLE,** *on behalf of himself and all others similarly situated,*

    *Plaintiff*,

v.

**LOANDEPOT.COM, LLC,**

    *Defendant*.

_____/

Case No. 1:24-CV-11173-TLL-PTM

Hon. Judge Thomas L. Ludington

## JOINT REQUEST FOR AN ORDER COMPELLING DISCOVERY FROM NON-PARTY CHARTER COMMUNICATIONS, INC.

Plaintiff Robert Hubble ("Plaintiff") and Defendant loanDepot.com, LLC ("loanDepot" or "Defendant") (collectively, the "Parties") respectfully request this Court enter an order compelling production of documents from non-party, Charter Communications, Inc. ("Charter") pursuant to loanDepot's subpoena attached hereto as **Exhibit "A"** and state as follows:

1. On May 2, 2024, Plaintiff filed this suit against loanDepot (the "Complaint"), alleging violations of the Telephone Consumer Protection Act ("TCPA"). *See* Compl. at ¶ 1 [ECF No. 1].

2. In the Complaint, Plaintiff alleges that beginning in or around January 2024, he received calls from loanDepot to his phone number ending in 2316. *See* Compl. at ¶ 30. Plaintiff alleges that he received these calls despite never having

1

provided loanDepot with express written consent authorizing loanDepot to call his cellular telephone number. *Id.* at ¶ 47.

3. loanDepot disputes these allegations and contends that Plaintiff did, in fact, provide consent to be called via a third-party website. loanDepot contends that Plaintiff visited a third-party website, Super-Samples.com, on March 27, 2024, and submitted, amongst other items, his name and his phone number to that website. loanDepot relies on this record/event to support its consent defense.[1]

4. The records associated with the alleged website visit include an associated IP address. In addition, records from Shift44, the owner and operator of Super-Samples.com, identify other IP addresses that Shift44 associates with Plaintiff. Plaintiff disputes these IP addresses are associated with him.

5. loanDepot served a narrowly tailored subpoena on Charter on December 18, 2025, seeking records associated with those IP addresses. *See* **Exhibit "A"**.

6. In response to loanDepot's subpoena, on January 14, 2026, Charter stated "Charter must protect its subscribers' privacy in compliance with Section 631 of the Cable Communications Policy Act of 1984, as amended, and codified at 47 U.S.C. § 551. Per Section 551(c)(1), Charter shall not disclose subscriber

---

[1] Plaintiff notes that he disputes the validity of this record for a variety of reasons.

information to a third party without the prior written or electronic consent of the subscriber." *See* **Exhibit "B"**. Furthermore, Charter stated that "Charter will take no further action on your request unless you provide subscriber consent or a court order." *Id*.

7. Federal Rule of Civil Procedure 26(b) provides, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"

8. *Russell v. Goldman Roth Acquisitions, LLC*, No. 1:10-CV-1224, 2011 WL 13362394 (W.D. Mich. Sept. 19, 2011) is instructive. In *Russell*, the plaintiff served a subpoena on non-party, Charter, seeking call detail records. *Id.* Just like here, Charter raised the same objection to the subpoena stating, "Charter must protect its subscribers' privacy in compliance with Section 631 of the Cable Communications Policy Act of 1984… Per Section 551(c)(1), Charter shall not disclose subscriber information to a third party without the prior written or electronic consent of the subscriber." *Id*. Therefore, the plaintiff filed a motion to compel records from Charter. Despite Charter's objection, the court granted the motion to compel and ordered Charter to produce the requested records. *Id*.

9. The requested information from Charter is relevant to loanDepot's consent defense. Because Plaintiff denies he is associated with the IP addresses, he cannot provide Charter with the requested authorization to release the information

3

– requiring a court order for the release of the information.

10. Accordingly, and particularly in light of Charter's stated willingness to produce the requested information pursuant to a court order, the Court should grant the Parties' joint request to compel production from Charter.

Based on the foregoing reasons, the Parties respectfully request that the Court enter an order compelling Charter to produce documents in compliance with loanDepot's subpoena attached hereto as **Exhibit "A"**.

Dated: February 17, 2026

/s/ with consent of Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Max S. Morgan, Esquire
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

George T. Blackmore (P76942)
BLACKMORE LAW PLC
1100 Owendale Drive, Suite M
Troy, MI 48083
T: (833) 343-6743
F: (855) 744-4419
E: george@blackmore.law

*Attorneys for Plaintiff Robert Hubble*

TROUTMAN AMIN, LLP

By: /s/ *Brittany A. Andres*
Eric J. Troutman
Brittany A. Andres
400 Spectrum Center Drive
Suite 1550
Irvine, CA 92618
troutman@troutmanamin.com
brittany@troutmanamin.com
Tel: (949) 350-5612

*Attorneys for Defendant loanDepot.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically sent the foregoing to counsel of record for the Plaintiff.

/s/ *Brittany A. Andres*
Brittany A. Andres

5